UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Thomas Robinson, #256452, | ) | C/A No. 8:08-731-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| R. Beardon, Jr., M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

Plaintiff, John Thomas Robinson, is an inmate of the South Carolina Department of Corrections. At the time he filed the complaint in this action, he was an inmate at Livesay Correctional Institution B Camp (formerly Northside Correctional Institution). Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights under the Eighth, Fifth, and Fourteenth Amendments were violated.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. This matter is before the court on defendant's motion for summary judgment filed May 19, 2008. By order filed May 20, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the motion for summary judgment on June 5, 2008. On October 1, 2008, United States Magistrate Bruce H. Hendricks issued a Report and Recommendation analyzing the issues and recommended that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied. She further recommended that the plaintiff's motion for preliminary injunction be denied as moot. Plaintiff filed objections to the Report on

1

October 15, 2008.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).  The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S.

2

654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

<u>Discussion</u>

**Failure to Exhaust Administrative Remedies**

The defendant asserts that the plaintiff has failed to properly exhaust this claim. Plaintiff's Step One Grievance dated February 19, 2008 (Docket entry #12-3) was denied on April 22, 2008, after initiation of this lawsuit. Although the plaintiff requested that the grievance be considered a "STEP 1-FINAL", he has not provided the Court with any authority for excusing him from the normal grievance process other than to argue that the warden could not override the physician on a medical matter. It does not appear that he pursued a Step Two grievance or any other institutional appeal regarding the issue. Therefore, the Court finds that he did not properly exhaust this claim. *See Woodford v. Ngo*, 126 S.Ct. 2378 (2006).

Even if the plaintiff did adequately exhaust his administrative remedies, his claim is barred on the merits.

**Deliberate Indifference to Medical Needs**

Plaintiff has alleged that the defendants were deliberately indifferent to his back, leg, and hip pain by failing to refer him to a third specialist for evaluation.[1] The plaintiff objects to the Magistrate Judge's finding that he failed to show deliberate indifference by the defendant to his medical needs.

In the case of *Estelle v. Gamble*, 429 U.S. 91 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id. quoting Gregg v. Georgia*, 428 U.S. 153, 169-173 (1976). The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-1005 (Footnotes and internal citation omitted). Under *Estelle*, a plaintiff must show that his medical needs were objectively serious[2] and that the defendants were deliberately indifferent to those serious medical needs. *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995).

"An inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

---

[1] Defendant has already referred the plaintiff to an orthopedist and a neurosurgeon who have determined that he is not a candidate for surgery. He is being treated with epidural injections and pain medication.

[2] The defendant in this case has not contended that the plaintiff lacked a serious medical need, only that he was not deliberately indifferent to that need.

4

> a complaint that a physician has been negligent in diagnosing or treating a medical
> condition does not state a valid claim of medical mistreatment under the Eighth
> Amendment. Medical malpractice does not become a constitutional violation merely
> because the victim is a prisoner. In order to state a cognizable claim, a prisoner must
> allege acts or omissions sufficiently harmful to evidence deliberate indifference to
> serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit Court of Appeals considered this issue in the case of *Miltier v. Beorn*, 896

F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent,

inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . .

nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851

(internal citations omitted).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under

42 U.S.C. § 1983. *Estelle*, *supra*. Negligence, in general, is not actionable under 42 U.S.C. § 1983.

*See Davidson v. Cannon*, 74 U.S. 344, 345-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328-36 &

n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 38 (4th Cir. 1995) (*applying Daniels v. Williams and Ruefly*

*v. London*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent

conduct."); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising

under state law. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200-03 (1989).

Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle, supra*, at 106.

"Although the Constitution does require that prisoners be provided with a certain minimum level of

medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*,

846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not

discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F.

5

Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan 1986).

Under the above standards, the Court agrees with the Magistrate Judge that the plaintiff has failed to carry his burden of showing a disputed issue of material fact as to deliberate indifference by the defendants to his medical needs. The medical attention Plaintiff received is well documented, which undercuts the claim that any defendant was deliberately indifferent to his needs. The proper inquiry in an Eighth Amendment medical indifference case is whether the prison officials disregarded a serious medical condition; the plaintiff's agreement or disagreement with the treatment is irrelevant. *Lamb*, 633 F. Supp. at 353. Therefore, although the plaintiff contends that he needed another doctor's opinion, the medical records do not appear to support such a claim, much less do they support a claim of constitutional dimension which requires deliberate indifference.

## <u>Conclusion</u>

After a review of the case law and record before it, the court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules all objections. For the reasons stated therein and in this order, defendant's motion for summary judgment is **GRANTED**[3]. Plaintiff's motion for summary judgment is **DENIED**. The plaintiff's motion for a preliminary injunction is **DENIED AS MOOT**.

---

[3] Defendant has also moved for summary judgment on the basis of the Eleventh Amendment and various types of immunity but has focused on the grounds discussed by the Magistrate Judge in his memorandum.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 31, 2008
Florence, SC